IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GERONIMO S. ALVARADO,        §
TDCJ #763614,                §
                             §
            Petitioner,      §
                             §
v.                           §        CIVIL ACTION NO. H-14-2587
                             §
WILLIAM STEPHENS,            §
                             §
            Respondent.      §

## MEMORANDUM OPINION AND ORDER

Geronimo S. Alvarado ("Alvarado") filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging his state convictions and concurrent life sentences.   Pending before the court is Respondent William Stephens's Motion to Dismiss with Brief in Support ("Respondent's Mot. Dismiss") (Docket Entry No. 15), which argues that Alvarado's Petition is time barred.   For the reasons stated below, the court will grant Respondent's Motion to Dismiss and will dismiss Alvarado's Petition.

## I.   Background and Facts

In the 338th District Court of Harris County, Texas, Alvarado was charged by three separate indictments with the offenses of aggravated assault and aggravated kidnaping.[1]   Alvarado entered

---

[1] Indictment in Cause No. 696012, State v. Alvarado, State Habeas Record WR-52,958-01, Docket Entry No. 11-2, p. 53; Indictment in Cause No. 696014, State v. Alvarado, State Habeas Record WR-52,958-03, Docket Entry No. 11-6, p. 53; Indictment in Cause No. 696013, State v. Alvarado, State Habeas Record WR-52,958-02, Docket Entry No. 11-4, p. 52.

pleas of guilty to all three offenses on June 25, 1996.[2]  He also
signed waivers of certain rights on June 25, 1996, stipulating that
his guilty pleas were voluntarily and knowingly given and that if
the court followed the State's recommendation he could not appeal
matters not raised by written motion prior to trial unless the
court gave its permission.[3]  On August 30, 1996, the court accepted
Alvarado's pleas and assessed punishment at life imprisonment and
a $10,000 fine in each cause, to run concurrently.[4]

Alvarado did not directly appeal his convictions.[5]  Alvarado
signed his first three pro se state habeas applications challenging
his convictions on April 29, 2002.[6]  On September 11, 2002, the

---

[2] Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession, State Habeas Record WR-52,958-01, Docket Entry No. 11-2, p. 49;
Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession,
State Habeas Record WR-52,958-02, Docket Entry No. 11-4, p. 48; Waiver of
Constitutional Rights, Agreement to Stipulate, and Judicial Confession, State
Habeas Record WR-52,958-03, Docket Entry No. 11-6, p. 49.

[3] Waiver of Constitution Rights and Waiver of Court Reporter, State Habeas
Record WR-52,958-01, Docket Entry No. 11-2, p. 50; Waiver of Constitution Rights
and Waiver of Court Reporter, State Habeas Record WR-52,958-02, Docket Entry No.
11-4, p. 49; Waiver of Constitution Rights and Waiver of Court Reporter, State
Habeas Record WR-52,958-03, Docket Entry No. 11-6, p. 50.

[4] Judgment on Plea of Guilty/Nolo Contendere/Not Guilty Before Court-Waiver
of Jury Trial, State Habeas Record WR-52,958-01, Docket Entry No. 11-2, pp.
54-55; Judgment on Plea of Guilty/Nolo Contendere/Not Guilty Before Court-Waiver
of Jury Trial, State Habeas Record WR-52,958-02, Docket Entry No. 11-4,
pp. 53-54; Judgment on Plea of Guilty/Nolo Contendere Before Court-Waiver of Jury
Trial, State Habeas Record WR-52,958-03, Docket Entry No. 11-6, pp. 54-55.

[5] Petition, Docket Entry No. 1, p. 3.

[6] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony
Conviction ("4/29/2002 Habeas Corpus Application-01"), State Habeas Record WR-
52,958-01, Docket Entry No. 11-2, p. 18; Application for a Writ of Habeas Corpus
Seeking Relief from Final Felony Conviction ("4/29/2002 Habeas Corpus
Application-02"), State Habeas Record WR-52,958-02, Docket Entry No. 11-4, p. 18;
Application for a Writ of Habeas Corpus Seeking Relief from Final Felony
Conviction ("4/29/2002 Habeas Corpus Application-03"), State Habeas Record WR-
52,958-03, Docket Entry No. 11-6, p. 17.

Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court without a hearing.[7]  On December 4, 2006, Alvarado signed his fourth state habeas application challenging only his aggravated kidnaping conviction.[8]  On February 7, 2007, the Texas Court of Criminal Appeals dismissed the fourth application as a subsequent application pursuant to Article 11.07, § 4(a)—(c) of the Texas Code of Criminal Procedure.[9]  Alvarado signed three additional state habeas applications challenging each of his convictions on February 1, 2013,[10] which the Texas Court of Criminal Appeals dismissed as subsequent on May 8, 2013.[11]

---

[7] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-01, Docket Entry No. 11-2, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-02, Docket Entry No. 11-4, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-03, Docket Entry No. 11-6, p. 2.

[8] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("12/4/2006 Habeas Corpus Application-04"), State Habeas Record WR-52,958-04, Docket Entry No. 11-7, pp. 7, 16.

[9] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-04, Docket Entry No. 11-7, p. 2.

[10] Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("2/1/2013 Habeas Corpus Application-05"), State Habeas Record WR-52,958-05, Docket Entry No. 11-8, p. 18; Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("2/1/2013 Habeas Corpus Application-06"), State Habeas Record WR-52,958-06, Docket Entry No. 11-9, p. 18; Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction ("2/1/2013 Habeas Corpus Application-07"), State Habeas Record WR-52,958-07, Docket Entry No. 11-10, p. 18.

[11] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-05, Docket Entry No. 11-8, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-06, Docket Entry No. 11-9, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-07, Docket Entry No. 11-10, p. 2.

On August 27, 2014, Alvarado signed his federal Petition.[12] Alvarado asserts four claims in support of his Petition:  (1) the trial court erred in accepting his guilty pleas and sentencing him; (2) the trial court abused its discretion by failing to hold a competency hearing and by failing to appoint appellate counsel; (3) his trial counsel was ineffective for failing to convey plea offers; and (4) his Sixth and Fourteenth Amendment rights were not ascertainable through the exercise of reasonable diligence because his trial counsel did not inform him of the state's plea offers.[13] Respondent argues that Alvarado's Petition should be dismissed as time barred under 28 U.S.C. § 2244(d).[14]

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all federal habeas petitions filed after April 24, 1996.  28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 125 S. Ct. 1807, 1814 (1997).  The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1):

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

---

[12] Petition, Docket Entry No. 1, p. 10.

[13] Petition, Docket Entry No. 1, pp. 6-7.

[14] Respondent's Mot. Dismiss, Docket Entry No. 15, p. 3.

-4-

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section (d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending.  Id. § 2244(d)(2).

**A.   Application of § 2244(d) to Alvarado's Petition**

Respondent argues that the limitations period for Alvarado's federal Petition began when his conviction became final at the expiration of his time for filing a direct appeal on September 29, 1996.[15]  Respondent argues that the limitations period for Alvarado's Petition therefore expired on September 29, 1997, because he did not sign his first state habeas application until April 29, 2002.[16]  Respondent argues that § 2244(d)(1)(A) is the

---

[15] Respondent's Mot. Dismiss, Docket Entry No. 15, p. 5.

[16] Id.

proper commencement provision because the provisions in subsections (B), (C), and (D) do not apply.[17]

Because Alvarado was sentenced on August 30, 1996, his conviction became final, commencing the AEDPA limitations period, on September 29, 1996, when his time to file a timely notice of appeal expired. Tex. R. App. P. 26.2(a)(1); see also Rodriguez v. Thaler, 664 F.3d 952, 954 (5th Cir. 2011). Absent statutory or equitable tolling, if § 2244(d)(1)(A) controls the commencement of the limitations period Alvarado had until Monday, October 1, 1997, to file his federal Petition.[18]

Section 2244(d)(1)(B) applies where state action has impeded the petitioner's ability to file an application for habeas relief. 28 U.S.C. § 2244(d)(1)(B). The record does not suggest that any unconstitutional state action created an impediment to Alvarado filing a federal habeas petition. See, e.g., Hurtado v. Cockrell, 3:02-CV-0778-M, 2002 WL 32438776, at *2 (N.D. Tex. Oct. 15, 2002) (comparing the lack of Spanish legal texts and absence of interpreters to inadequacies of prison law libraries or ignorance of the law and explaining that the Fifth Circuit has held that such claims are not "on a par" with a state-created impediment required

---

[17] Id. at pp. 5-6.

[18] Because September 29, 2007, fell on a Saturday, Alvarado's filing deadline was extended to Monday, October 1, 2010. See Fed. R. Civ. P. 6(a) (extending the time for filing to the first day that is not a Saturday, Sunday, or legal holiday); Stoot v. Cain, 570 F.3d 669, 670 n.1 (5th Cir 2009) (applying Rule 6(a) to an AEDPA action).

by § 2244(d)(1)(B)). The court therefore concludes that § 2244(d)(1)(B) does not apply.

Section 2244(d)(1)(C) applies where the petitioner's claim is based on a constitutional right newly recognized by the United States Supreme Court or a right that the Supreme Court has made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Alvarado argues that § 2244(d)(1)(c) applies in light of the Supreme Court's holdings in Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012), and Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).[19] However, the Fifth Circuit has held that "Cooper and Frye did not announce new rules of constitutional law." In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam); accord Miller v. Thaler, 714 F.3d 897, 902 (5th Cir. 2013). The court therefore concludes that § 2244(d)(1)(C) does not apply.

Section 2244(d)(1)(D) applies only where the factual predicate of the petitioner's claim could not have been discovered through the exercise of due diligence until the judgment became final. 28 U.S.C. § 2244(d)(1)(D). At the latest, Alvarado knew of his current claims on February 1, 2013, when he signed his last three state habeas applications that include the same claims he raises in his federal Petition.[20] Although his last three state applications

---

[19] Petitioner's Response to Respondent's Motions to Dismiss ("Petitioner's Resp."), Docket Entry No. 16, p. 3.

[20] See 2/1/2013 Habeas Corpus Application-05, State Habeas Record WR-52,958-05, Docket Entry No. 11-8, p. 12; 2/1/2013 Habeas Corpus Application-06, State Habeas Record WR-52,958-06, Docket Entry No. 11-9, p. 12; 2/1/2013 Habeas Corpus Application-07, State Habeas Record WR-52,958-07, Docket Entry No. 11-10,

were dismissed on May 8, 2013, he did not sign his federal Petition until August 27, 2014, more than one year later. Therefore, even if § 2244(d)(1)(D) applied, Alvarado's Petition would not be timely.

## B.   Statutory Tolling

The AEDPA's one-year limitations period is tolled while a properly filed application for state post-conviction review is pending. Id. § 2244(d)(2). Although Alvarado's convictions became final on September 29, 1996, he did not sign his first state habeas application until April 29, 2002, more than five years later. Because Alvarado filed all of his state habeas applications after the limitations period expired, they have no tolling effect for purposes of section 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the expiration of the limitations period precludes tolling). Moreover, the Texas Court of Criminal Appeals dismissed Alvarado's last three state habeas applications on May 8, 2013.[21] Alvarado signed this Petition more than one year later on August 27, 2014.[22] Therefore, even if statutory tolling applied, Alvarado's Petition would be time barred.

---

p. 12.

[21] Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-05, Docket Entry No. 11-8, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-06, Docket Entry No. 11-9, p. 2; Action Taken by the Texas Court of Criminal Appeals, State Habeas Record WR-52,958-07, Docket Entry No. 11-10, p. 2.

[22] Petition, Docket Entry No. 1, p. 10.

## C. Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that the AEDPA's limitations period may be equitably tolled only if the petitioner (1) diligently pursued his or her claim and (2) demonstrates that extraordinary circumstances beyond his or her control caused the petition's late filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see also Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013). The petitioner bears the burden of establishing grounds warranting equitable tolling. Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013).

Alvarado argues that he is entitled to equitable tolling because of his inability to speak, read, or write English, coupled with the prison's lack of Spanish legal materials and repeated denials of translation assistance.[23] The Fifth Circuit has held that unfamiliarity with the law "due to illiteracy or any other reason" is not a rare and exceptional circumstance warranting equitable tolling. Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)); see also Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000) (holding that ignorance of the law and pro se status are not sufficient for equitable tolling). The inability to

---

[23] Petitioner's Resp., Docket Entry No. 16, pp. 4-5.

understand English is not an exceptional circumstance sufficient to warrant equitable tolling. See United States v. Posado-Rios, Civ. Act. No. H-07-478, 2009 WL 1064156, at *1 (S.D. Tex. Apr. 16, 2009) ("[E]quitable tolling of the AEDPA limitations period does not occur on grounds of lack of English-speaking ability."). Alvarado has also failed to show that any difficulty he may have with the English language caused the untimely filing of his federal Petition. Alvarado filed pro se state habeas applications as early as 2002, demonstrating his ability to pursue legal relief despite difficulties with English.

Even assuming that Alvarado's asserted grounds for equitable tolling constituted rare and extraordinary circumstances, he is not entitled to equitable tolling because he did not diligently pursue his claims. Alvarado waited more than five years after his convictions became final to sign his first state habeas application. He then waited more than twenty-seven months after the dismissal of his first three state habeas applications before filing his fourth state application. He then waited more than five years after the dismissal of his fourth state application to file his fifth, sixth, and seventh state applications. After the dismissal of Alvarado's final state applications, he waited fifteen months to file his federal Petition. Such delays do not indicate the diligent pursuit of his rights; therefore, equitable tolling does not apply.

## III.  <u>Certificate of Appealability</u>

Under 28 U.S.C. § 2253 Alvarado must obtain a certificate of appealability ("COA") before he can appeal this Memorandum Opinion and Order dismissing his Petition.  A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  If denial of relief is based on procedural grounds, the petitioner must not only show that "'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' *but also* that they 'would find it debatable whether the district court was correct in its procedural ruling.'"  <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001) (quoting <u>Slack</u>, 120 S. Ct. at 1604) (emphasis in original).  A district court may deny a COA, <u>sua sponte</u>, without requiring further briefing or argument.  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).  This court concludes that Alvarado is not entitled to a COA under the applicable standards.  <u>See</u> 28 U.S.C. § 2253(c).

## IV.  Conclusion and Order

Because Alvarado's Petition for a Writ of Habeas Corpus is barred by the statute of limitations, Respondent Stephens's Motion to Dismiss (Docket Entry No. 15) is **GRANTED**, and Alvarado's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**  A Certificate of Appealability is **DENIED.**  Petitioner's Motion for Leave to File Sanction Default on Respondents (Docket Entry No. 12) is **DENIED.**

**SIGNED** at Houston, Texas, on this 16th day of June, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE